a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JOHN LUTTRULL, Petitioner | CIVIL ACTION NO. 1:19-CV-070-P |
| VERSUS | JUDGE DEE D. DRELL |
| DARREL VANNOY, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 filed by pro se Petitioner John Luttrull ("Luttrull") (#567816). Luttrull is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. Luttrull challenges his conviction and sentence imposed in the 7th Judicial District Court, Concordia Parish.

Because Luttrull's § 2254 Petition is untimely, it should be DENIED and DISMISSED WITH PREJUDICE.

I.  **Background**

Luttrull was indicted for one count of aggravated rape (Docket No. 09-1019) and one count of aggravated incest (Docket No. 09-2120). See State v. J.L., 2010-1152 (La. App. 3 Cir. 10/5/11), 2011 WL 4582456; State v. J.L., 2010-1153 (La. App. 3 Cir. 10/5/11). Although the cases were not consolidated, the two counts were tried at the same time. Id. Luttrull was convicted of both crimes. The court sentenced Luttrull to life imprisonment without benefit of parole, probation, or suspension of sentence for aggravated rape, and twenty years of imprisonment for aggravated incest. Id.

Luttrull filed one appeal for both convictions. Because the cases were never consolidated, and each conviction had its own docket number, the appellate court issued two identical opinions under docket number 2010-1152 (aggravated rape) and docket number 2010-1153 (aggravated incest).

Luttrull sought writs in the Louisiana Supreme Court from Docket Number 10-1153—aggravated incest—but writs were denied. State ex rel. Luttrull v. State, 2011-2738 (La. 9/21/12); 98 So.3d 323.

Luttrull alleges he filed an application for post-conviction relief in both cases on September 3, 2013, which was denied on November 2, 2017. (Doc. 1, p. 3). Luttrull sought writs in the Third Circuit, which were denied on August 28, 2018. (Case No. 17-1156, La. App. 3 Cir.) (Doc. 13-1, p. 49). Luttrull's writ application was denied by the Louisiana Supreme Court as "[u]ntimely filed pursuant to La.S.Ct.R. X § 5." State v. Luttrull, 2018-1715 (La. 12/17/18); 259 So.3d 340. According to the documents submitted by Luttrull, the writ application was scanned at the Louisiana State Penitentiary for filing on October 17, 2018. (Doc. 13-1, p. 50).

II. Law and Analysis

In 1996, as part of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Congress enacted 28 U.S.C. § 2244(d), which provides a one-year statute of limitations for filing applications for writs of habeas corpus by persons in custody pursuant to the judgment of a state court. The limitations period generally runs from "the date on which the judgment became final by the conclusion of direct review or

the expiration of the time for seeking such review. . . ." 28 U.S.C. § 2244(d)(1)(A). Federal courts may raise the one-year limitations period sua sponte. See Kiser v. Johnson, 163 F.3d 326 (5th Cir. 1999).

Luttrull did not seek direct review in the United States Supreme Court, so his conviction became final for AEDPA purposes on December 20, 2012, upon the expiration of time for seeking further review. 28 U.S.C. § 2254(d)(1). Luttrull had one year from that date within which to file a § 2254 petition. Luttrull's Petition was not filed until January 17, 2019. (Doc. 1).

The statutory tolling provision of § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief is pending in state court is not counted toward the limitations period. Ott v. Johnson, 192 F.3d 510, 512 (5th Cir. 1999). However, the time during which there are no properly filed post-conviction or other collateral review proceedings pending does count against the one-year period. To be considered "properly filed" for purposes of § 2244(d)(2), an application's delivery and acceptance must comply with the applicable laws and rules governing filings. Pace v. DiGuglielmo, 544 U.S. 408, 413 (2005) (citing Artuz v. Bennett, 531 U.S. 4, 8 (2000)).

Luttrull's application for post-conviction relief was timely filed in the trial court on October 18, 2013, with 63 days remaining on the one-year limitations period under the AEDPA. However, Luttrull's writ application in the Louisiana Supreme Court was not timely filed. Louisiana Supreme Court Rule X, § 5(a) provides that a

3

writ application "shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal." The court of appeal denied writs on August 28, 2018, and notice was mailed that date. (Doc. 13-1, p. 49). Luttrull's writ application was signed October 16, 2018 and emailed for filing by the Louisiana State Penitentiary on October 17, 2018, more than 30 days from the mailing of notice by the appellate court, and in violation of Rule X. (Doc. 13-1, p. 50).

In contrast to an untimely writ application filed before the intermediate appellate court, which has been held to be "properly filed" and "pending" even though untimely because it requires "some level of judicial review," an untimely writ application before the Louisiana Supreme Court is not subject to such review. Williams v. Cain, 217 F.3d 303, 306 (5th Cir. 2000). Therefore, the filing of an untimely writ application before the Louisiana Supreme Court does not toll the limitations period because it is not "properly filed" and is therefore not "pending" before that Court. See Williams at 308; Jenkins v. Cooper, 2009 WL 1870874, *5 (E.D. La., June 26, 2009) (holding that a petitioner does not benefit from any statutory tolling for an untimely writ application filed in the Louisiana Supreme Court).

Accordingly, Luttrull's untimely writ application in the Louisiana Supreme Court could not continue to toll the limitations period. Thus, the AEDPA "clock," which had been paused with 63 days remaining upon the filing of the application of post-conviction relief, resumed on September 27, 2018, the last day on which Luttrull

4

could seek timely review in the Louisiana Supreme Court. The one-year limitations period expired on November 29, 2018. Therefore, Luttrull's § 2254 Petition is untimely.

The AEDPA's statute of limitations is subject to equitable tolling. See Holland v. Florida, 560 U.S. 631, 645 (2010). However, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 649 (internal quotation marks omitted); Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances"). Equitable tolling applies "principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999). A petitioner bears the burden of proof to invoke equitable tolling. See Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002).

Luttrull presents no argument or facts to support a claim of equitable tolling. Ignorance of the law and pro se status are common problems for inmates seeking post-conviction relief. Neither constitutes "rare and exceptional" circumstances warranting equitable tolling. See Felder v. Johnson, 204 F.3d 168, 171-72 (5th Cir. 2000); Gutierrez v. Cockrell, 45 F. App'x 321 (5th Cir. 2002). Additionally, prisoners have no constitutional right to either an attorney or "inmate counsel" in state post-conviction proceedings. See Martinez v. Johnson, 255 F.3d 229, 239 (5th Cir. 2001).

### III. Conclusion

Because Luttrull's § 2254 Petition is untimely, IT IS RECOMMENDED that the Petition (Doc. 1) be DENIED and DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have 14 calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within 14 days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within 14 days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a circuit justice or district judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within 14 days from service of this Report and

6

Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. See 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

  THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __5th__ day of June, 2019.

                _____
                Joseph H.L. Perez-Montes
                United States Magistrate Judge