RECEIVED

JUL 1 7 2019

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

JOHN LUTTRULL,
Petitioner

CIVIL ACTION NO. 1:19-CV-070-P

VERSUS

JUDGE DEE D. DRELL

DARREL VANNOY,
Respondent

MAGISTRATE JUDGE PEREZ-MONTES

## J U D G M E N T

Before the court is the Report and Recommendation of the Magistrate Judge previously filed herein (Doc. 14) and the Petitioner's objection thereto (Doc. 15). Petitioner contends that the Magistrate Judge erred in finding his *habea*s petition untimely. Specifically, he asserts the Magistrate Judge's calculation was incorrect.

We conducted a de novo review of the record including Petitioner's objection and previous filings. In his objection, Petitioner claims that he timely filed an application for post-conviction relief with the 7th Judicial District Court, Parish of Concordia, State of Louisiana, on September 3, 2013. (Doc. 15, p.4). However, in prior filings, Petitioner asserted that he filed the same application on September 11, 2013 (Doc. 13-1, p.41), October 13, 2013 (Doc. 13-1, p. 35), and October 18, 2013 (Doc. 13-1, p.35). There is no evidence in the record which firmly establishes which of those four dates the application was actually filed. Taking the earliest filing date of September 3, 2013, we still find Petitioner failed to timely file his *habeas* petition with this court.

Petitioner's judgment became final by on December 20, 2012. He had 365 days from that date to file his *habeas* petition with this court. That time delay tolled beginning September 3, 2013, when he filed his application for post conviction relief and began to run again on November 2, 2017, when his application was denied. The tolling period began again December 29, 2017, when he filed his "Writ of Review" with the Louisiana Third Circuit Court of Appeal and continued through August 28, 2018, when his writ application was denied.

Petitioner argues the tolling period began a third time when he filed his writ application with the Louisiana Supreme Court on October 17, 2018, but he is mistaken. As explained in the Magistrate Judge's Report and Recommendation, the time period for filing a *habeas* petition continues to run when there are no properly filed applications for post conviction or other collateral review proceedings pending. Because the Louisiana Supreme Court denied writs specifically because it was untimely under Louisiana Supreme Court Rule X §5, there was no properly filed proceeding pending any time after August 28, 2018. Accordingly, the 109 days ran on October 20, 2018.

We note that even if the filing of the writ application with the Louisiana Supreme Court tolled the statute of limitations from October 17, 2018 through December 17, 2018, his habeas petition would still have been due to this court on or before December 20, 2018. Accordingly, his January 17, 2019 filing is untimely. Thus,

**IT IS ORDERED** that the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. 1) is hereby **DENIED and DISMISSED with prejudice** as time-barred under 28 U.S.C. § 2244(d)(1)(A).

**SIGNED** this _16th_ day of July 2019, at Alexandria, Louisiana.

JUDGE DEE D. DRELL
UNITED STATES DISTRICT COURT